```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```

------------------------------------------------------

|  |  |
|---|---|
| SHARI LINDENBAUM, | CASE NO.1:17-CV-1863 |
| Plaintiff, |  |
| vs. | OPINION & ORDER |
|  | [Resolving Doc. 9] |
| CVS HEALTH CORPORATION, |  |
| Defendant. |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Shari Lindenbaum sues Defendant CVS Health Corporation ("CVS") for violations of the Telephone Consumer Protection Act (TCPA). She sues on behalf of herself and a class to be certified.[1] Plaintiff alleges that CVS made at least six prerecorded calls to Plaintiff's cellphone without her consent.[2] In its answer to the complaint, Defendant CVS raises twenty-two affirmative defenses.[3]

Plaintiff now moves to strike fifteen of these twenty-two affirmative defenses under Federal Rule of Civil Procedure 12(f).[4] Defendant opposes.[5]

For the following reasons, the Court **DENIES** Plaintiff's motion to strike the fifteen affirmative defenses.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

---

[1] Doc. 1.
[2] *See id.*
[3] Doc. 8.
[4] Doc. 9.
[5] Doc. 17.

Because of the "practical difficulty of deciding cases without a factual record," the Sixth Circuit has held that striking a pleading "should be sparingly used by the courts."[6]

*Iqbal* and *Twombly* pleading requirements do not apply to affirmative defenses.[7] Rather, affirmative defenses need only provide "fair notice of the nature of the defense."[8] As a result, general or boilerplate defenses are acceptable, even if they lack factual specificity.[9] Thus, "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."[10] Courts will rarely strike a defense for legal insufficiency[11] and will not strike defenses raising factual questions.[12]

## II. DISCUSSION

Plaintiff objects to the following fifteen affirmative defenses made by Defendant:

(2) (a) lack of standing; (b) lack of subject matter jurisdiction;
(5) improper venue;
(6) Plaintiff's and class members' prior express written consent to calls;
(7) no use of an automatic telephone dialing system by Defendant;
(9) TCPA's emergency purposes exception;
(10) TCPA's exigent healthcare treatment exception;
(11) (a) statute of limitations; (b) laches; (c) waiver; (d) estoppel; (e) unclean hands; (f) ratification;
(12) Plaintiff's own actions or inactions causing damages;
(13) unconstitutionally vague and overbroad interpretation of the TCPA;
(15) excessive statutory penalties;
(18) improper class action;
(19) unmeasurable class-wide damages;
(20) TCPA's safe harbor for reassigned telephone numbers;
(21) failure to mitigate damages; and
(22) other defenses Defendant reserves the right to assert.[13]

---

[6] *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).
[7] *Rosul v. Klockemann*, No. 1:15-CV-00996, 2015 WL 5233187, at *6 (N.D. Ohio Sept. 8, 2015).
[8] *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).
[9] *Id.*
[10] *Brown*, 201 F.2d at 822.
[11] *See, e.g.*, *Hughes v. Lavender*, No. 2:10-CV-674, 2011 WL 2945843, at *4 (S.D. Ohio July 20, 2011) (quoting *U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.*, 297 F. Supp. 2d 531, 533 (E.D.N.Y. 2003)) (striking a defense for legal insufficiency is appropriate only if plaintiff can "show that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) plaintiff would be prejudiced by the inclusion of the defense").
[12] *Id.* (citing *United States v. 187.40 Acres of Land*, 381 F. Supp. 54, 56 (M.D. Pa. 1974)).
[13] Doc. 9-1.

Case No. 1:17-cv-1863
Gwin, J.

Plaintiff argues that these affirmative defenses are legally insufficient based on the complaint's factual allegations, or are legally insufficient on their face.[14] Defendant, however, argues that their affirmative defenses involve legal issues with a possible relation to the controversy or need factual determinations.[15]

The Court finds no basis to strike Defendant's affirmative defenses.

First, affirmative defenses (2-a); (5)-(7); (10)-(12); and (18)-(20) [16] all involve factual determinations that the Court can more appropriately consider on summary judgment. Defendant was not required to specifically plead any of the facts supporting these defenses.

For affirmative defenses (9), (13), (15),[17] and (21), Plaintiff fails to show that they have no possible relation to the controversy. Plaintiff fails to cite binding Circuit or Supreme Court precedent that would clearly preclude Defendant from raising these defenses.

For affirmative defense (2-b) lack of subject matter jurisdiction, Plaintiff will not suffer any prejudice if the Court does not strike it. Even if Defendant had not included the defense, the Court can *sua sponte* review its subject matter jurisdiction at any point.[18]

Lastly, the Court reads affirmative defense (22) as a reservation of rights.[19] Plaintiff therefore lacks any ground to strike this defense.

---

[14] *Id.*
[15] Doc. 17.
[16] Even if affirmative defense (18) improper class action and (19) unmeasurable class-wide damages were considered defenses rather than affirmative defenses (*see* Doc. 9-1 at 12-13), Plaintiff cannot possibly show that these defenses are unrelated to her class action suit for damages. There is therefore no basis to strike these defenses on this basis.
[17] Even if Defendant may not have complied with N.D. Ohio R. 24.1 for alleging affirmative defenses 13 and 15 (*see* Doc. 9-1 at 12), failure to comply does not waive the constitutional issue or any other rights. *See* N.D. Ohio R. 24.1(b). There is therefore no reason to strike these affirmative defenses based on this possible procedural error.
[18] *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).
[19] *See Vary v. City of Cleveland*, No. 1:16-CV-00037, 2016 WL 3085311, at *3 (N.D. Ohio June 2, 2016).

Case No. 1:17-cv-1863
Gwin, J.

### III. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's motion to strike.

IT IS SO ORDERED.

Dated: November 20, 2017  *s/         James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE