UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
SHARI LINDENBAUM,                         :    CASE NO. 1:17-CV-1863
                                          :
         Plaintiff,                       :
                                          :
     vs.                                  :    OPINION & ORDER
                                          :    [Resolving Doc. 10]
CVS HEALTH CORPORATION,                   :
                                          :
         Defendant.                       :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Shari Lindenbaum sued Defendant CVS Health Corporation for violations of the Telephone Consumer Protection Act (TCPA).[1] Lindenbaum's complaint seeks class certification but the Court has not certified any class. Defendant now moves for judgment on the pleadings.[2] Alternatively, Defendant moves to stay the case until the D.C. Circuit rules on the interpretation of TCPA provisions that it argues are relevant to this suit.[3]

For the following reasons, the Court **GRANTS** Defendant's motion for judgment on the pleadings. As a result, the Court dismisses Defendant's motion for a stay as **MOOT**.

# I. BACKGROUND

Plaintiff alleges that Defendant CVS Health Corporation made at least six prerecorded prescription reminder calls to her cellphone.[4] Plaintiff allegedly received these calls between February 2017 and March 2017 from Defendant's Shaker Heights, Ohio retail pharmacy.[5]

---

[1] Doc. 1.
[2] Doc. 10. Plaintiff opposes. Doc. 24. Defendant responds. Doc. 25.
[3] Doc. 10. Plaintiff opposes. Doc. 24. Defendant responds. Doc. 25.
[4] Doc. 1 at ¶¶ 32-38.
[5] *Id.* at ¶¶ 35-36.

Plaintiff also alleges that she never provided "prior express written consent" to Defendant to receive the prerecorded calls.[6] She believes that she received these calls from Defendant because she has a recycled cellphone number.[7] She believes that Defendant's calls are intended for the previous subscriber of her cellphone number.[8] Plaintiff alleges that her cellphone number has been registered on the National Do Not Call Registry since December 17, 2004.[9]

On behalf of herself and a class yet to be certified, Plaintiff brings two counts of TCPA violations.[10] The Court previously denied Plaintiff's motion to strike fifteen of Defendant's affirmative defenses.[11]

The Court now addresses Defendant's motion for judgment on the pleadings. Defendant argues that Plaintiff's claims should be dismissed because (1) the Court does not have personal jurisdiction over Defendant; (2) the alleged calls are exempted from liability under TCPA's "emergency purposes" exception; and (3) Plaintiff fails to allege the necessary elements of a TCPA violation.[12] Alternatively, Defendant moves to stay the case until the D.C. Circuit rules on the interpretation of TCPA provisions that it argues are dispositive to this case.[13]

## II. LEGAL STANDARD

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[14] Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be

---

[6] *Id.* at ¶ 38.
[7] *Id.* at ¶ 17.
[8] *Id.*
[9] *Id.* at ¶ 33.
[10] *Id.* at ¶ 43.
[11] Doc. 18.
[12] Doc. 10-1.
[13] *Id.*
[14] See *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'"[15] The plaintiff need not try to prove her case in the complaint. But there must be "more than a sheer possibility that the defendant has acted unlawfully."[16]

### III. ANALYSIS

Assuming the Court could exercise personal jurisdiction over Defendant CVS Health Corporation, the Court grants Defendant's motion for judgment on the pleadings. The calls at issue fall under TCPA's "emergency purposes" exception and are therefore exempt from liability.

47 U.S.C. § 227(b)(1)(A) exempts from liability "a call made for emergency purposes." 47 C.F.R. § 64.1200(f)(4) defines "emergency purposes" as "calls made necessary in any situation affecting the health and safety of consumers."

Plaintiff generally alleges that CVS incorrectly made pharmacy reminder calls to Plaintiff's phone. Plaintiff says CVS made the reminder calls to a CVS customer's cellphone number but that cellphone number had been recycled and says Plaintiff had no relation with the CVS customer who had formerly used the recycled cellphone number.

The calls here were made for the "health and safety of consumers." In most cases, information about where, when, and how to refill a prescription concerns the health and safety of consumers, who may be reliant on their medication.

The prescription reminders calls are also necessary. As the court in *Roberts v. Medco Health Solutions, Inc.* recognized, "in many instances a patient's ability to timely receive a prescribed medicine is critical in preventing a major health emergency."[17]

Plaintiff's arguments against applying the exception do not persuade the Court otherwise.

---

[15] *Id.*
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[17] No. 4:15 CV 1368 CDP, 2016 WL 3997071, at *3 (E.D. Mo. July 26, 2016).

First, Plaintiff's arguments that the prescription reminder calls do not concern an emergency situation[18] are unpersuasive. The Federal Communications Commission has recognized that the "emergency purposes" exception should be interpreted broadly.[19] In interpreting the exception broadly, the *Roberts* court found that the exception's plain language did not limit the exception to the large scale emergencies like power outages, severe weather, terrorist attacks, AMBER alerts, or unexcused school absence alerts that Plaintiff suggests.[20]

Second, Plaintiff's reliance on *St. Clair v. CVS Pharmacy, Inc.* is misplaced. That case held that the prescription reminder calls did not fall under the "emergency purposes" exception because the *St. Clair* plaintiff had received continued reminder calls after specifically asking CVS to stop.[21] The *St. Clair* court held that there could not be an "emergency" when the customer had already told CVS he did not want or need the calls.[22] Unlike in *St. Clair*, Plaintiff fails to allege any affirmative action she took to tell CVS that CVS was calling the wrong customer number.[23] Here, Plaintiff merely alleges that she never provided her "prior express written consent" to Defendant to receive the calls.

Third, the Court need not wait for further discovery here before determining this issue. It is not clear how further discovery would preclude the calls from falling under "emergency purposes." Lindenbaum alleges that the calls were "prescription reminders" that she never

---

[18] Doc. 24 at 16-17.
[19] *In the Matter of the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 2736, 2738 (1992) ("The legislative history of the TCPA indicates a congressional intent to interpret the term 'emergency' broadly rather than narrowly.").
[20] *Roberts*, 2016 WL 3997071, at *3.
[21] *St. Clair v. CVS Pharmacy, Inc.*, 222 F. Supp. 3d 779, 780 (N.D. Cal. 2016).
[22] *Id.*
[23] *See also Coleman v. Rite Aid of Georgia, Inc.*, No. 1:17-CV-946-TCB, 2018 WL 354618, at *2 (N.D. Ga. Jan. 10, 2018) (only finding no "emergency purposes" exception applied where plaintiff specifically alleged he "told Defendant's pharmacy employee that the wrong person was being called;" "told the Defendant's pharmacy employee that he did not know the person to whom the messages were directed;" and "requested Defendant stop the calls to his cellular phone" (internal quotation marks omitted)).

affirmatively tried to stop, which as explained, is enough to exempt them from liability under the "emergency purposes" exception.

Accordingly, assuming the Court could exercise personal jurisdiction over Defendant, the Court dismisses Plaintiff's TCPA claims as exempt from liability.[24]

### IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's motion for judgment on the pleadings. Accordingly, the Court also dismisses Defendant's motion for a stay as **MOOT**.

IT IS SO ORDERED.

Dated: January 22, 2018                                    *s/        James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[24] Because the Court finds that the alleged calls fall under the "emergency purposes" exception, the Court does not address Defendant's other arguments regarding Plaintiff's failure to allege a TCPA claim (*see* Doc. 10-1 at 19-22).